IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SINGAPORE ASAHI CHEMICAL & SOLDER INDUSTRIES PTE LTD, ) ) ) | CASE NO. 1:18 CV 1662 |
| Plaintiffs, ) ) ) | |
| v. ) ) | JUDGE DONALD C. NUGENT |
| ) ) | MEMORANDUM OPINION |
| APPLE INC., ) ) | AND ORDER |
| Defendants. ) | |

This matter is before the Court on the Motion to Dismiss for Improper Venue (Docket #16) and the Motion for Reconsideration and for Leave to File a Reply in Support of Motion to Transfer Venue Under 28 U.S.C. § 1404(a) (Docket #27) filed by Defendant, Apple Inc. ("Apple"). Apple asks the Court to reconsider its prior order denying Apple's Motion to Transfer Venue and dismiss the case for improper venue or transfer this case to the Northern District of California, arguing that Northern California is the appropriate venue and a more convenient forum for the Parties. Asahi argues that venue in the Northern District of Ohio is proper pursuant to statute and that transfer to the Northern District of California is not otherwise warranted.

## Discussion

Under Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss or transfer a lawsuit on the basis of "improper venue." Fed. R. Civ. P. 12(b)(3). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Venue in patent cases is governed by 28 U.S.C. Section 1400(b). That statute provides: "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). On May 22, 2017, the Supreme Court decided *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 197 L. Ed. 2d 816 (2017) and clarified that "a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *TC Heartland*, 137 S. Ct. 1514, 1517. The Federal Circuit explained that in order to establish that a defendant has a "regular and established place of business" within the District, the following requirements must be met: "(1) a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). In ruling on a Rule 12(b)(3) motion, the court may look beyond the complaint but "'must draw all reasonable inferences and resolve factual conflicts in favor of [the plaintiff].'" *Cumberland & Ohio Co. v. Coffman*, 719 F. Supp. 2d 884, 891 (M.D. Tenn. 2010)(quoting *Gone to the Beach, LLC v. Choicepoint Servs.*, 434 F. Supp. 2d 534, 536-37 (W.D. Tenn. 2006)).

Even where statutory venue requirements are otherwise satisfied, 28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court

may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). "'Congress intended to give district courts the discretion to transfer cases on an individual basis by considering convenience and fairness.'" *Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 537 (6th Cir. 2002) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 101 L. Ed. 2d 22, 108 S. Ct. 2239 (1988)).

When ruling on a motion to transfer pursuant to 28 U.S.C. § 1404(a), a court considers "the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir.1991) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988)).[1] However, "if venue is proper, a plaintiff's choice of forum is given substantial weight," unless the defendant shows that convenience and the interests of justice "strongly favor transfer." 14D Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 3801 (3d ed.).

## Conclusion

Apple has four retail stores within the District, thus satisfying the physical, regular and established criteria set forth in *In re Cray*, 871 F.3d 1355, 1359-60, and Asahi has sufficiently alleged acts of infringement which have occurred in this District. Accordingly, Apple's Motion

---

[1] "In exercising its discretion, courts rely on a number of factors, including: (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *EMI Corp. v. Opal*, Case No. 1:15 CV 1257, 2015 U.S. Dist. LEXIS 131334 (N.D. Ohio Sept. 29, 2015) (citing *AlixPartners, LLP v. Brewington*, Case No. 14 CV 14942, 2015 U.S. Dist. LEXIS 118099 (E.D. Mich. Sept. 2015)).

to Dismiss for Improper Venue (Docket #16) is hereby DENIED.

Furthermore, the Court has considered the arguments raised in Apple's Reply Brief in Support of its Motion to Transfer Venue under 28 U.S.C. § 1404(a) (Docket #32) and finds no basis upon which to reconsider and/or reverse its prior determination that transfer to the Northern District of California is unwarranted under the facts alleged. Many of the arguments raised by Apple in support of transfer depend on evidence which has yet to be discovered; self-serving speculation as to the importance and/or role certain Parties and/or witnesses will ultimately play; and, conjecture as to the willingness of certain witnesses to participate if this case remains in the Northern District of Ohio. Furthermore, as Apple is keenly aware, the ability to exchange information and communicate electronically simplifies the discovery process and, to the extent documents and/or other relevant information located in California must be reviewed in person, Asahi will bear the burden of travel. Finally, as alleged by Asahi, the named inventor of the patent-at-issue travels to the Northern District of Ohio regularly for work; Asahi's non-party or technical witness is located within the District; and, the technology-at-issue was developed in the District. Accordingly, the Court finds transfer to the Northern District of California to be unwarranted and Apple's Motion for Reconsideration (Docket #27) is hereby DENIED.

IT IS SO ORDERED.

                                                s/Donald C. Nugent
                                                Donald C. Nugent
                                                Senior United States District Judge

DATED: November 16, 2018