IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SINGAPORE ASAHI CHEMICAL & SOLDER INDUSTRIES PTE LTD, <br><br>   Plaintiff, <br><br>   vs. <br><br> APPLE INC., <br><br>   Defendant. | ) <br> ) <br> ) <br> ) CASE NO. 1:18-CV-01662-DCN <br> ) <br> ) JUDGE DONALD C. NUGENT <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF'S MOTION FOR CLARIFICATION OF THE COURT'S DISMISSAL ORDER**

Pursuant to the Court's inherent powers and/or FED. R. CIV. P. 59(e), Plaintiff, Singapore Asahi Chemical & Solder Industries Pte Ltd ("Plaintiff" or "Asahi"), by and through its counsel, respectfully requests clarification of this Court's January 2, 2019 Dismissal Order ("Dismissal Order") (Doc. No. 43) dismissing its case against Defendant, Apple Inc. ("Apple" or "Defendant").  In particular, Plaintiff seeks clarification from the Court in connection with the language in the Dismissal Order granting "Plaintiff leave to re-file" its case to confirm that Plaintiff may re-open the present action, if necessary, following disposition of the *Inter Partes* Review ("IPR").  (Doc. No. 43).

On December 21, 2018, the parties jointly submitted a Stipulation and Order to Stay the Case Pending Resolution of *Inter Partes* Review ("Joint Stipulation to Stay") (Doc. No. 42), in which the parties agreed to a stay pending resolution by the Patent Trial and Appeal Board

1

("PTAB") of the patentability of the challenged claim in the pending IPR, either via the denial of Institution or via a Final Written Decision (Doc. No. 42 at pg. 2). Pursuant to the Joint Stipulation to Stay, it was the intent and agreement of the parties to stay all deadlines in the present case and to re-open the current action following the conclusion of the IPR. (Doc. No. 42 at pgs. 2-3).

The Court considered the parties' Joint Stipulation to Stay, and "in lieu of issuing a stay", the Court issued its Dismissal Order "dismiss[ing] this case without prejudice, and grant[ing] Plaintiff leave to re-file, if necessary, within thirty days after the Inter Partes Review process is complete." (Doc. No. 43) [1].

Plaintiff believes that the Court's Dismissal Order intended to give full weight and effect to the parties' agreement in the Joint Stipulation to Stay to re-open the current action "depending on how the issue proceeds at the PTAB." (*See* Doc. No. 43). Accordingly, Plaintiff interprets the Dismissal Order as granting Plaintiff leave to re-open the current action by filing, for example, a motion or notice advising the Court that the IPR process is complete.

To the extent the language of the Court's Dismissal Order is interpreted to foreclose re-opening of the present case, Plaintiff is prejudiced. For example, Plaintiff has already invested significant time and resources in litigating this action in the Northern District of Ohio against Apple by opposing various jurisdictional motions filed by Apple as well as a motion for reconsideration of the Court's orders on those motions. (*See, e.g.,* Doc. Nos. 24, 29, 31). Further, under 35 U.S.C. § 286, "[e]xcept as otherwise provided by law, no recovery shall be had for any infringement committed more than six years prior to the filing of the complaint or

---

[1] Plaintiff notes that it was Defendant, not Plaintiff, which requested the *Inter Partes* Review that was filed on November 30, 2018.

counterclaim for infringement in the action."  Although Plaintiff is aware that Apple has committed certain acts of infringement and has charged Apple's iPhone 7, iPhone 7 Plus, iPhone 8, and iPhone 8 Plus of infringing the patent-at-issue, Plaintiff has not been able to conduct discovery and the full extent of Apple's infringing activity is not known.  Thus, Plaintiff's overall recovery may be affected by the Court's Dismissal Order if it is not interpreted as allowing this case to be re-opened.

    WHEREFORE, Plaintiff prays for clarification of the "leave to re-file" language in the Court's Dismissal Order as granting Plaintiff leave to re-open the present case, if necessary, within thirty days after the Inter Partes Review process is complete.  A proposed order is attached for the Court's convenience.

Respectfully submitted,

/s/Jude A. Fry
Jude A. Fry (0053651)
jfry@faysharpe.com
Mandy B. Willis (0079208)
mwillis@faysharpe.com
FAY SHARPE LLP
The Halle Building, 5th Floor
1228 Euclid Avenue
Cleveland, Ohio 44115
Phone:  (216) 363-9000
Fax:  (216) 363-9001

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 11, 2019, a true and complete copy of the foregoing *Plaintiff's Motion for Clarification of the Court's Dismissal Order* was filed electronically with the Clerk of the Court in accordance with the Court's Electronic Filing Guidelines.  Notice of this filing will be sent by operation of the Court's Electronic Filing System to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.

      /s/Jude A. Fry
      Attorney for Plaintiff
      Singapore Asahi Chemical & Solder
      Industries Pte Ltd.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SINGAPORE ASAHI CHEMICAL & SOLDER INDUSTRIES PTE LTD, <br><br> Plaintiff, <br><br> vs. <br><br> APPLE INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) CASE NO. 1:18-CV-01662-DCN <br> ) <br> ) JUDGE DONALD C. NUGENT <br> ) <br> ) ORDER CLARIFYING <br> ) <u>DISMISSAL ORDER</u> <br> ) <br> ) <br> ) |

Pursuant to the Court's January 2, 2019 Dismissal Order ("Dismissal Order") (ECF #43), the Court "dismisse[d] this case without prejudice, and grant[ed] Plaintiff leave to re-file, if necessary, within thirty days after the Inter Partes Review process is complete."  The Court clarifies that the Court grants Plaintiff leave to re-open the present case, if necessary, within thirty days after the Inter Partes Review process is complete.   IT IS SO ORDERED.

                                                                       DONALD C. NUGENT
                                                                       United States District Judge

DATED: _____